IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-01477-CNS

INESSA VULFOVA,

    Plaintiff,

v.

BRAND BRAIN MEDIA, LLC,

    Defendant.

**ORDER**

This matter is before the Court on Plaintiff Inessa Vulfova's ("Plaintiff's") Motion for Default Judgment ("Motion") as to Defendant Brand Brain Media, LLC ("Defendant") (ECF No. 23). On September 2, 2022, a copy of the summons and complaint were served on Defendant by certified mail at Defendant's principal address (ECF No. 14). Defendant failed to respond (ECF No. 20, ¶ 1). On January 27, 2023, Plaintiff filed a Motion for Entry of Default (*see generally id.*). On January 31, 2023, the Clerk of Court entered default against Defendant (ECF No. 21). Plaintiff then filed the instant Motion, seeking entry of default judgment under Federal Rule of Civil Procedure 55(b)(2) on April 11, 2023 (ECF No. 23). For the reasons set forth below, the Court DENIES Plaintiff's Motion.

## I. BACKGROUND[1]

Plaintiff brings a claim for breach of contract and seeks a declaratory judgment that she is the owner of software referred to as "AMS SAAS" (*see generally* ECF No. 1). Plaintiff contracted with Defendant to create the AMS SAAS software along with corresponding brand assets, pricing models, plans, and strategies (ECF No. 1-1 at 11). In exchange, Plaintiff agreed to pay Defendant $252,825.19 and transfer her e-commerce brand, "Germ Aide," to Defendant (*id.*). The parties established a payment schedule, stipulating that Plaintiff would pay defendant $63,206.30 "upon execution of [the] [a]greement," followed by eighteen consecutive monthly payments of $10,534.38 (*id.*). The parties agreed that, upon payment of the total project cost, all intellectual property, patents, and rights in the AMS SAAS software would transfer from Defendant to Plaintiff (*id.*). The contract ("Contract") was signed on October 10, 2021, by Eric Leopardi, the President & CEO of Defendant Brand Brain Media, LLC, and on October 11, 2021, by Plaintiff (*id.* at 10).

On May 4, 2022, Mr. Leopardi emailed Plaintiff, claiming Plaintiff breached the Contract (ECF No. 1-4 at 1). Mr. Leopardi attached a draft civil complaint to this email and advised Plaintiff that, "[s]hould [Plaintiff] fail to make payment of [her] outstanding balance in full by the close of business today," Defendant would file the draft complaint in federal court (*id.*). To the Court's knowledge, Defendant's complaint was never filed.

Prior to receiving Mr. Leopardi's email, Plaintiff paid Defendant $172,481 (ECF No. 1 at 8). Plaintiff also attempted to transfer the assets of Germ Aide to Defendant (*id.*, ¶ 7). For instance, she transferred the Germ Aide trademark to a Wyoming LLC as directed by Mr. Leopardi, and she shipped Germ Aide inventory from China to the United States (*id.*, ¶¶ 7, 8). Plaintiff informed

---

[1] The background facts in this Order are drawn from Plaintiff's Complaint and its attached exhibits (ECF No. 1). Due to the Clerk of Court's entry of default against Defendant, the Complaint's well-pleaded allegations of fact are deemed admitted (ECF No. 21). *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

Defendant that the inventory had arrived in the U.S., but Defendant never took possession of it from the importer (*id.*, ¶ 11-12). In Defendant's draft complaint, Defendant alleges Plaintiff failed to transfer Germ Aide assets to Defendant (ECF No. 1-4 at 3).

For its part, Defendant delivered a prototype version of the AMS SAAS software to Plaintiff (ECF No. 1, ¶ 9). Plaintiff reviewed the software and reported back to Defendant regarding 184 items that needed to be addressed for the software to work effectively (*id.*). Plaintiff does not specify whether Defendant responded to her requests for improvement to the software. In its draft complaint, Defendant alleges it "performed all the conditions of the contract on [its] part," and "expanded the functional scope of the [. . .] software [. . .] beyond the agreed upon limits of functionality" (ECF No. 1-4 at 4). Plaintiff does not address these claims in her Complaint (*see* ECF No. 1).

## II.  LEGAL STANDARD

A court may enter default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). "A party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (internal quotations omitted). "Strong policies favor resolution of disputes on their merits," and default judgment should be "available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citations omitted).

When facing a motion for default judgment, a court must first evaluate and establish its jurisdiction. *See, e.g.*, *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). To enter default judgment, a court must have both subject-matter jurisdiction over the action and personal

3

jurisdiction over each defaulting defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). The second step of the inquiry is to evaluate whether the plaintiff's pleadings support a judgment on the claims alleged. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citation omitted); *see also Bixler*, 596 F.3d at 762 ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). If a plaintiff fails to allege facts in support of a required element of their claim, they cannot prevail on their claims through default judgment. *See Marshall v. Baggett*, 616 F.3d 849, 852-853 (8th Cir. 2010). When moving for default judgment, the plaintiff's burden is akin to the one borne by a party seeking to defeat a motion to dismiss for failure to state a claim. *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (per curiam) ("The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim.").

When deciding on a motion for default judgment, the court accepts all well-pleaded factual allegations in the complaint as true. *See Behav. Analyst Certification Bd., Inc. v. Solis*, No. 21-CV-02131-NYW-STV, 2022 WL 17736781 at *2 (D. Colo. Dec. 16, 2022) (stating that in determining whether to enter default judgment courts consider "the well-pleaded factual allegations in the [c]omplaint and any attendant affidavits or exhibits"). However, "a party in default does not admit conclusions of law, only allegations of fact, and so the factual allegations must be enough to establish substantive liability." *Villoldo v. Republic of Cuba*, No. 21-CV-02497-NYW-NRN, 2023 WL 2390713 at *3 (D. Colo. Mar. 7, 2023) (citations omitted). Thus, while the entry of a default judgment relieves the plaintiff "from having to prove the complaint's factual allegations, default

4

judgment "must be supported by a sufficient basis in the pleadings." *Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 157 (10th Cir. 2022) (citations omitted).

### III. ANALYSIS

Having considered Plaintiff's Motion for Default Judgment, the case file, and relevant legal authority, the Court denies Plaintiff's Motion for Default Judgment.

#### A. Jurisdiction

To enter default judgment, a court must have both subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *See Williams*, 802 F.2d at 1203. The Court considers these jurisdictional prerequisites below, concluding that both are satisfied.

*1. Subject Matter Jurisdiction*

Plaintiff asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (ECF No. 1, ¶ 3). The Court agrees. A court has subject matter jurisdiction over an action when there is either a federal question at issue or diversity between the parties. *See* §§ 1331, 1332. Section 1332, provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the controversy "is between citizens of different States."

Defendant is a Colorado limited liability company ("LLC") (ECF No. 1, ¶ 2). The citizenship of an LLC is determined by the citizenship of each of its members. *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1245 (D. Colo. 2021). According to Defendant's articles of organization,[2] Defendant's only member is Eric Leopardi, who is

---

[2] Defendant's articles of organization are publicly available on the Colorado Secretary of State's website. This Court may take judicial notice of "facts which are a matter of public record." *Schendzielos v. Silverman*, 139 F. Supp. 3d 1239, 1251 (D. Colo. 2015).

domiciled in Parker, Colorado. Since Mr. Leopardi is domiciled in Colorado, he is a citizen of Colorado, as is Defendant. *See id.* at 1244. ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile" (citation omitted)). Meanwhile, Plaintiff is a resident and citizen of California (ECF No. 1, ¶ 1). Accordingly, the parties are diverse as required by statute. § 1332(a).

Plaintiff must also establish that the amount in controversy exceeds $75,000. *See id*. Here, Plaintiff seeks to recover her damages resulting from Defendant's breach of contract, including the $172,481 she paid to Defendant, the $227,000 valuation of the Germ Aide product she transferred to Defendant, and the amounts she will have to pay a third-party developer for the AMS SAAS software in the event Defendant fails to complete its obligations under the agreement, as well as consequential damages and reasonable attorney's fees (ECF No. 1 at 8). Accordingly, the matter in controversy exceeds $75,000.

Based on the foregoing, Plaintiff has properly met her burden to show diversity jurisdiction between the parties, and the Court concludes it has subject matter jurisdiction pursuant to § 1332.

### 2. Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). However, "the plaintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

To analyze personal jurisdiction in federal court, a court must determine (1) the adequacy of the service, including "whether any applicable statute authorizes the service of process on [the Defendant]" and (2) "whether the exercise of such statutory jurisdiction comports with

6

constitutional due process demands." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). For the reasons set forth below, the Court determines that Plaintiff has met these jurisdictional requirements.

### *a. Service of Process*

"The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015). Defendant is a Colorado LLC (ECF No. 1, ¶ 2). Service on an LLC may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(B). Service may be perfected by certified mail if an entity's registered agent cannot with reasonable diligence be served. *See* C.R.S. § 7-90-704(2).

An LLC in Colorado is required to maintain a registered agent. *See* C.R.S. §§ 7-80-204(1)(c), 7-90-701(1). Plaintiff provides evidence that Eric Leopardi is the registered agent of Defendant and that Plaintiff attempted to serve Defendant at the registered agent's address listed on the Colorado Secretary of State's website (ECF No. 1, ¶ 2; ECF No. 14). Plaintiff attempted to serve Defendant at this address four times between August 25 and August 31, 2022 (ECF No. 14). While someone appeared to be home at the address, the resident did not respond to knocks at the door (*id.*). Because the registered agent could not be contacted at the listed address or served with reasonable diligence, the Court finds that Defendant could be served "by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address." *See* § 7-90-704(2). Plaintiff served Defendant by posting the summons and complaint to Defendant's registered agent's address via certified mail on September 9, 2022 (ECF No. 14 at 1).

The Court, therefore, finds the Defendant was properly served in accordance with Federal Rule of Civil Procedure 4(h). *See also A.O. Smith Corp. v. USA Smith Indus. Dev. Inc.*, No. 16-cv-2587-WJM-MJW, 2017 WL 2224539, at *2 (D. Colo. May 22, 2017) (service by registered mail deemed effective because prior attempts at personal service on the entity's registered agent were unsuccessful); *Kilthau v. Low T Med. Clinic, Inc.*, No. 14-cv-03309-MJW, 2015 WL 586262, at *1 (D. Colo. Feb. 11, 2015) (permitting substitute service on an entity by mail after personal service on the entity's registered agent could not be completed).

### b. Due Process

Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Plaintiff alleges that Defendant "is a Colorado limited liability company, and as such is a corporate citizen of the State of Colorado" (ECF No. 1, ¶ 2). "An LLC is 'at home' in its state of organization, and is therefore subject to general personal jurisdiction within that state consistent with the Due Process Clause." *Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 978 (D. Wyo. 2022). Defendant was organized in Colorado according to its articles of organization. Accordingly, the Court finds that Defendant is at home in Colorado and the Court has general personal jurisdiction over Defendant.

The Court finds Plaintiff has made a *prima facie* showing of personal jurisdiction, and, accordingly, the Court concludes that it has personal jurisdiction over Defendant. Having

8

established that these jurisdictional requirements are satisfied, the Court proceeds to the second step in its analysis of Plaintiff's Motion—whether Plaintiff's pleading supports judgment on its claims. *See Tripodi,* 810 F.3d at 765.

### B. Default Judgment

Having established jurisdiction over the matter and Defendant, the Court must next decide "whether the unchallenged facts constitute a legitimate cause of action," such that judgment should be entered. *Bixler*, 596 F.3d at 762 (quotation omitted).

#### 1. Breach of Contract

A plaintiff is not entitled to a default judgment on a breach of contract claim if the complaint lacks specific allegations substantiating each element of their breach of contract claim. *See Grice v. McMurdy,* 498 F. Supp. 3d 400, 409-10 (W.D.N.Y. 2020). To establish a claim for breach of contract, a plaintiff must prove "(1) the existence of a contract; (2) performance by the plaintiff or some justification for its nonperformance; (3) the defendant's failure to perform the contract; and (4) damages." *Zurich Am. Ins. Co. v. Dillon Companies, LLC*, 595 F. Supp. 3d 1003, 1006–07 (D. Colo. 2022), *appeal dismissed*, No. 22-1144, 2022 WL 16579592 (10th Cir. Sept. 19, 2022). "The 'performance' element in a breach of contract action means 'substantial' performance." *Id.* at 1007 (quoting *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1057 (Colo. 1992). "Substantial performance occurs when, 'although the conditions of the contract have been deviated from in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance, [the defendant] has received substantially the benefit he expected.'" *Id.*

In her Complaint, Plaintiff pleads the existence of a contract between the parties. However, Plaintiff insufficiently alleges her own substantial performance (or an excuse for her

9

nonperformance) or Defendant's failure to perform. Plaintiff alleges she paid to Defendant $172,481 of the agreed-upon $252,825.19. Plaintiff does not allege when she ceased making monthly payments or whether Defendant breached prior to her cessation. The difference of $80,344.19 constitutes more than a mere "deviat[ion] in trifling particulars." *See id.* at 1006-07; *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 698 (7th Cir. 2008) ("Non-payment is a material breach of a contract unless the withholding party has a valid excuse.") (internal quotations omitted); *Rocky Mountain Microsystems, Inc. v. Pub. Safety Sys., Inc.*, 989 F. Supp. 1352, 1357 (D. Colo. 1998), *aff'd*, 173 F.3d 864 (10th Cir. 1999) (finding a buyer's failure to make a partial payment was a breach of a contract for sale of computer software). Moreover, Plaintiffs' Complaint and its attached exhibits reveal a dispute between Plaintiff and Defendant about Plaintiff's performance. In an email attached to the Complaint, Defendant accuses Plaintiff of failing to perform her contractual obligations (ECF No. 1-4 at 1). In light of this dispute, Plaintiff does not offer sufficient *unchallenged* facts to show that Plaintiff substantially performed her agreement or was excused for her nonperformance.

Plaintiff also fails to allege sufficient unchallenged facts to support a finding that Defendant materially breached the Contract. While Plaintiff alleges she requested improvements to the prototype version of the software Defendant was contractually obligated to design for her, she omits any allegations about whether Defendant fixed the issues or provided her with an updated version of the software (*see* ECF No. 1). Plaintiff also omits any allegations about the software's intended functionality that could help the Court determine whether, in receiving this software, Plaintiff substantially received the expected benefit of the Contract. Even if the Court assumes that Defendant refused to update the software and that the software's issues constituted a material breach, because Plaintiff does not provide a timeline of when she ceased providing payments and

10

when Defendant refused to update the software, it is unclear whether Defendant was excused from its nonperformance by Plaintiff's breach. *See Walmart Inc. v. Cuker Interactive*, *LLC*, 949 F.3d 1101, 1111 (8th Cir. 2020) (finding software consultant was excused from his nonperformance where purchaser failed to make a partial payment and demanded software consultant take on additional tasks). Moreover, Plaintiff attaches to her Complaint Defendant's allegations that it "performed all the conditions of the contract" by "expand[ing] the functional scope of [the software]" (ECF No 1-4 at 4). Considering this contradiction, the Court finds there are not sufficient *unchallenged* facts demonstrating that Defendant breached the Contract.

Because Plaintiff has not pleaded unchallenged facts showing either her substantial performance or Defendant's breach, Plaintiff's pleadings do not contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under her breach of contract claim. *See Cicalla v. Rogers*, No. 2:20-CV-01999 DAD AC PS, 2023 WL 3304491, at *3-4 (E.D. Cal. May 8, 2023)*, report and recommendation adopted,* 2023 WL 4054541 (E.D. Cal. June 16, 2023) (finding absence of specific factual allegations supporting a required element of a breach of contract claim disfavored entry of default judgment).

### 2.  Declaratory Judgment

Next, the Court considers whether to grant Plaintiff's request for a declaratory judgment in this action. Plaintiff contends that the Court should declare that Plaintiff is the owner of the AMS SAAS software, and that Defendant has no right to the same software (ECF No. 1, ¶ 18). The Court disagrees.

The Declaratory Judgment Act allows a party to ask the court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "The purpose of the Declaratory Judgment Act is to settle

actual controversies before they ripen into violations of law or a breach of duty." *United States v. Fisher-Otis Co.*, 496 F.2d 1146, 1151 (10th Cir. 1974). "[T]he question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

Here, Plaintiff's requested declarations are not supported by the Contract's plain language. Courts enforce the plain and ordinary meaning of contractual terms unless they are ambiguous as a matter of law. *CeFO, Inc. v. Navigators Specialty Ins. Co.*, 646 F. Supp. 3d 1362, 1368 (D. Colo. 2022). Here, the Contract states "[Defendant] will retain ownership of all relevant AMS SAAS design patents, copyrights, trademarks, and other Intellectual Property until Total Project Cost is paid-in-full." (ECF No. 1-1 at 11). Because Plaintiff does not allege she has paid in full and in fact has an outstanding balance of $80,344.19, under the plain language of the Contract, she has not demonstrated she is the owner of the AMS SAAS.

\* \* \*

For the reasons set forth above, the Court's exercise of subject matter jurisdiction over this matter and personal jurisdiction over Defendant Brand Brain Media, LLC, is proper. However, Plaintiff has not established a breach of contract claim or a basis for her request for declaratory judgment.

## IV.  CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Default Judgment (ECF No. 23).

DATED this 26th day of October 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

13